UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARY SWEAT | : | DOCKET NO. 09-00684 |
| VS. | : | JUDGE TRIMBLE |
| MONUMENTAL LIFE INSURANCE CO. | : | MAGISTRATE JUDGE KAY |

MEMORANDUM ORDER

Pending before this court is the plaintiff's Motion to Remand this suit to the Thirty-Third Judicial District Court, Allen Parish, Louisiana. Doc. 6. For the following reasons, the Motion to Remand is GRANTED.

*Background*

Plaintiff, Mary Sweat, brings this action to recover insurance benefits allegedly due from defendant Monumental Life Insurance Company (Monumental) under her deceased husband's life insurance policy. Doc. 1-1, at 3-5, ¶¶ 1-9. In addition to these benefits, which allegedly total $25,000, plaintiff seeks attorney's fees, penalties, and damages in accordance with La. R.S. 22:1188 and La. R.S. 22:1973. *Id.* at 3-5, ¶ 2. Plaintiff filed her action on March 27, 2009, in the Thirty-Third Judicial District Court, Allen Parish, Louisiana.

On April 23, 2009, defendant Monumental removed this action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. 1. Monumental alleges that complete diversity exists between Monumental and the plaintiff, and the amount in controversy is satisfied. *Id.* at ¶ 8. Specifically, Monumental argues that the amount in controversy exceeds $75,000, given that the plaintiff seeks $25,000 in benefits, plus

penalties, attorney's fees, and damages. *Id.* at ¶ 21. Thus, Monumental alleges that "it does not appear to be a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

On May 27, 2009, plaintiff filed the subject Motion to Remand. Doc. 6. As grounds for remand, plaintiff alleges that the amount in controversy is less than $75,000. *Id.* at 1-2, ¶¶ 4-5. Furthermore, plaintiff states that she waives any right to recover any award in excess of $75,000, and will not seek or accept any award in excess of $75,000. *Id.* The parties also filed an "Irrevocable Stipulation" that the total amount sought by plaintiff in this matter does not exceed $75,000. *Id.* at 3-4, ¶ 3. As in the Motion to Remand, the "Irrevocable Stipulation" also sets forth that plaintiff waives any right to recover in excess of $75,000, and will not seek or accept any award in excess of $75,000. *Id.*

On June 12, 2009, in response to the subject Motion to Remand [Doc. 6] and in light of the "Irrevocable Stipulation" [Doc. 6, at 3-4] filed by the parties, defendant Monumental sent a letter to this court agreeing that federal jurisdiction was lacking and, thus, declining to oppose the remand motion. (The letter is attached to this order.)

*Analysis*

Diversity jurisdiction requires that complete diversity of citizenship exist between the parties, and the amount in controversy exceed $75,000. 28 § U.S.C. 1332(a); *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009). In determining whether the requisite amount in controversy is satisfied, the parties may not consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores,* 193 F.3d 848, 850 (5th Cir. 1999).

When the plaintiff has alleged an indeterminate amount of damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* This burden is met either by: (1) showing that it is facially

apparent that the amount in controversy is met; or (2) setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).[1] "[W]here the district court is making the "facially apparent" determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]. In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal. We would review that determination in a fashion similar to our Fed. R. Civ. P. 56 review."[2]

> The jurisdictional facts that support removal must be judged at the time of the removal. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

"The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (*De Aguilar II*). Instead, the defendant must produce evidence that shows that the actual amount in controversy exceeds $75,000. *Id.* If the defendant is able to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000,

---

[1] *See also Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636 (5th Cir. 2003) ("When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. This burden may be fulfilled in one of two ways. First, jurisdiction will be proper if "it is facially apparent" from the plaintiffs' complaint that their "claims are likely above [$75,000]." If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the *facts*-[either] in the removal petition [or] by affidavit-that support a finding of the requisite amount." (internal quotations omitted)).

[2] The court notes that "[t]he efficient procedure is to not require such "summary judgment" proof until after the initial consideration of the face of the complaint. This bifurcation of the process is justified under the general mandate of the rules, FED. R. CIV. P. 1, and the fact that such proof is irrelevant and wasteful if jurisdiction is facially apparent. *Id.*

then the plaintiff must show that it is "legally certain that his recovery will not exceed [$75,000]" in order for remand to be proper. *In re 1994 Exxon Chemical Fire*, 558 F.3d at 387 (quoting *De Aguilar II*, 47 F.3d at 1412).

In the instant case, plaintiff's petition alleges an indeterminate amount as plaintiff seeks $25,000 in insurance benefits along with such attorney's fees, penalties, and damages that the court deems appropriate under La. R.S. 22:1188 and La. R.S. 22:1973. Doc. 1-1, at 3-5, ¶ 2. As stated previously, when the plaintiff has alleged an indeterminate amount of damages, the removing defendant [Monumental] carries the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon*, 193 F.3d at 850. Defendant Monumental has failed to produce any evidence to carry said burden. Instead, Monumental has indicated that, in light of plaintiff's stipulation, it does not oppose remand. *See* attached letter. Thus, Monumental has failed to carry the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[3]

*Conclusion*

In accordance with the preceding, plaintiff's Motion to Remand [Doc. 6] is granted.

Thus done and signed in chambers in Lake Charles, Louisiana, this 1st day of July, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[3] This reasoning follows that of similar cases where plaintiff has submitted a stipulation as to damages and defendant has not opposed remand. *See Omega Hospital, L.L.C. v. Aetna Life Insurance Co.*, 2008 WL 2945914, *1-2 (E.D. La. July 28, 2008); *Becnel v. State Farm Fire & Casualty Co.*, 2007 WL 4570821, *1 (E.D. La. Dec. 26, 2007); *Harris v. Allstate Texas Lloyd's*, 2007 WL 1643171, *1 (E.D. Tex. June 1, 2007); *Hall v. Allstate Texas Lloyd's*, 2006 WL 3832982, *1 (E.D. Tex. Dec. 28, 2006).